State v. Sutton

imposing imprisonment from five to seven years in prison, the defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles R. Hassell, Jr., for the State.*

*George R. Morrow for the defendant appellant.*

---

STATE OF NORTH CAROLINA v. MELVIN SUTTON

No. 748SC601

(Filed 16 October 1974)

Criminal Law § 102— solicitor's question — use of defendant's testimony — no error

The trial court did not err in overruling defendant's objection to the solicitor's use of defendant's testimony in phrasing a question to a witness for the defense, since the solicitor did not misquote or misinterpret the defendant's testimony.

ON *certiorari* to review the order of *James, Judge,* 29 October 1973 Session of Superior Court held in WAYNE County. Heard in the Court of Appeals 17 September 1974.

The defendant was charged in a bill of indictment with the felony of larceny of an automobile. A plea of not guilty was entered, and a verdict of guilty as charged was returned. From an active sentence of not less than seven years nor more than eight years imposed thereon, the defendant gave notice of appeal.

*Attorney General Carson, by Assistant Attorney General Webb, for the State.*

*Roland C. Braswell, for the defendant.*

BROCK, Chief Judge.

The only assignment of error presented by the defendant in the record on appeal is his argument that the trial court erred when it overruled defendant's objection to the solicitor's use of defendant's testimony in phrasing a question to a witness for the defense. The solicitor stated: "All right, so if he (defendant) said that you all sat in the car and drank wine and beer and got high, that's not true is it?" "Counsel shall not knowingly misinterpret the contents of a paper, the testimony of a witness, the language or argument of opposite counsel or the language of a decision or other authority. . . . " Superior and District Court Rule 12. There is no suggestion that the district attorney misquoted or misinterpreted the defendant's testimony in this case. We find no prejudicial error in the ruling of the trial court.

Defendant presents the record for review for possible errors. We have carefully reviewed the record. In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and MARTIN concur.